IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                          No. 17-MJ-3350 SCY

JEROME DAYZIE,

        Defendant.

## MR. DAYZIE'S REPLY TO THE UNITED STATES RESPONSE TO MOTION TO MODIFY CONDITIONS

COMES NOW the Defendant, Jerome Dayzie, by and through his attorney, John V. Butcher, Assistant Federal Public Defender, and replies to the Government Response to his Motion to Modify the Conditions of Release to allow contact with his wife and the mother of his children, Terra Dayzie.

In support of his motion, Mr. Dayzie states as follows:

1.      Initially, there is a dispute whether Mrs. Dayzie is a "witness" in this case. While there are exceptions, a witness spouse has a privilege to refuse to testify adversely and may not be compelled to testify against the spouse. *Trammel v. United States*, 445 U.S. 40 (1980). The exception that a spouse may be compelled to testify when the spouse is a victim or when there is a crime against a child living in the home does not apply in the instant case. *See United States v. Bahe*, 128 F.3d. 1440 (10th Cir. 1997). Thus, the cases cited by the government that did not involve an actual spouse are inapposite. Moreover, Mr. Dayzie would still enjoy the right to invoke marital privilege concerning

any communications between him and his wife. Fed.R.Evid. 501; *See also Griswold v. Connecticut,* 381 U.S. 479 (1965).

2.  Assuming arguendo, that Mrs. Dayzie is a witness, the condition is unnecessary and violates the constitutional rights associated with marriage including the First Amendment Right of Association and the right of privacy. While these rights certainly have limits, this case does not justify the prohibition on contact.

3.  The Court is to impose the least restrictive conditions that will satisfy the need to protect the public and to assure the attendance of a defendant. In this case, Mr. Dayzie having contact with his wife will not endanger the public or interfere in the prosecution of this case. It is the position of the government, that Mrs. Dayzie has already made multiple statements to law enforcement, including one that was recorded. Mrs. Dayzie's statements are not inconsistent with that of Mr. Dayzie's defense. Moreover, the key elements of Ms. Dayzie's statements do not appear to be contested. Thus, it does not appear there would be any motivation on Mr. Dayzie's part to interfere with Mrs. Dayzie if she became a witness. Moreover, Mrs. Dayzie allegedly stated that she was asleep at the time of the accident.

4.  There is a legitimate need for the Dayzies to have contact with each other. As mentioned in his Motion, they have four children and a home together. Thus, there is a need to coordinate the care of the children as well as the household finances.

5.  Finally, this issue was not discussed at the original detention hearing. Defense counsel does not remember this prohibition against contact concerning Mrs.

Dayzie being mentioned by the Court during its oral pronouncement. Thus, it would be appropriate to either modify the condition or to have a hearing on it.

6. As mentioned before, Christopher A. Aguilar, U.S. Pretrial Services Officer supports the modification of the conditions of release as requested.

WHEREFORE, based on the foregoing, Mr. Dayzie respectfully requests that this court modify his conditions of release to allow contact between Mr. Dayzie and his wife, Terra Dayzie.

| | |
|---|---|
| I HEREBY CERTIFY THAT on the 12th day of January 2018, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Raquel Ruiz-Velez to be served by electronic means, as more fully reflected on the Notice of Electronic Filing. | Respectfully submitted,<br><br>FEDERAL PUBLIC DEFENDER<br>111 Lomas NW, Suite 501<br>Albuquerque, NM 87102<br>(505) 346-2489 |
| /s | /s [Electronically filed]<br>JOHN V. BUTCHER, AFPD<br>Assistant Federal Public Defender |