IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       No. 18CR1171 MV

JEROME DAYZIE,

        Defendant.

## MR. DAYZIE'S AMENDED SENTENCING MEMORANDUM AND RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Jerome Dayzie, by and through his attorney, John V. Butcher, Assistant Federal Public Defender, and requests, pursuant to Paragraph 15 of the Plea Agreement, that this Court impose a term of imprisonment of thirty-seven (37) months. Mr. Dayzie does not object to the guideline calculations contained on the Presentence Report.

In support of his request, Mr. Dayzie states as follows:

    1.      On December 9, 2017, while intoxicated, Mr. Dayzie drove his Ford Explorer into a trailer full of furniture stopped partially in his lane of traffic. Upon hitting the trailer, Mr. Dayzie's vehicle tipped onto the driver's side in the middle of the road.

    2.      At the time of the accident, there were three (3) occupants in the car. In addition, Mr. Dayzie and his wife, who was in the passenger seat, their friend and relative, "John Doe," was in the rear seat. During the accident, John Doe, who was not wearing a seat belt, was ejected from the car and was pinned under it. John Doe died at the scene.

3. As mentioned above, John Doe was not a stranger. He was a friend and family member. The three were drinking together. The alcohol found at the accident was due to the fact that the group was bootlegging alcohol back to the reservation.

4. Mr. Dayzie has no dispute with the Victim Impact Statement or the request for restitution for $1592.97. The friends went out and began drinking together. Unfortunately, they decided to drive home while intoxicated. Mr. Dayzie recognizes the loss caused by John Doe's death.

5. Mr. Dayzie does not claim that there is anything mitigating about his actions or the accident. He agrees that the family has suffered a great loss. He admitted to drinking and driving to the officers at the scene and has pled guilty to the instant offense.

6. Mr. Dayzie does not wish to add any more pain to the family due to the loss of John Doe. He understands that he must serve a sentence of incarceration.

7. While Mr. Dayzie cannot change the past, he is endeavored to improve the future. Mr. Dayzie is an electrician. He has returned to school to complete the courses necessary to become a licensed electrician in New Mexico. He has taken his studies seriously and hopes to obtain the necessary license to improve his employment. While Mr. Dayzie is currently employed as an electrician, he will earn more money with a journeyman and/or master electrician's license.

8. More importantly, Mr. Dayzie has taken his drug and alcohol treatment extremely serious. As the Court is aware, Mr. Dayzie has a long history of substance abuse. The defendant has remained totally sober while on Pretrial Conditions of Release. He understands now that when he drinks alcohol, "bad things tends to happen."

9. Due to the nature of the offense, government shutdowns, and the possible length of Mr. Dayzie's incarceration, it is unclear whether Mr. Dayzie would be admitted into the Residential Drug Abuse Treatment Program.  However, Mr. Dayzie would request that the Court recommend it. It is hoped that the additional programs promised under the First Step Act of 2018, will be funded and available for Mr. Dayzie.  However, it is unclear at this time what programs Mr. Dayzie will be eligible for under the Act and if they will be fully funded in time for Mr. Dayzie to take advantage of them.  Thus, a sentence of thirty-seven (37) months with community based treatment and monitoring would be a reasonable and just sentence.[1]  Voluntary surrender would increase Mr. Dayzie's chances to enter RDAP.

10. While Mr. Dayzie will not get any credit for the fourteen (14) months he has served at the halfway house, his successful placement and monitoring there has reduced the need for incarceration due to the need to protect the public or to provide additional treatment while incarceration.  Mr. Dayzie has shown the ability to make significant changes in his life for the positive during the intense monitoring during his time at the halfway house. Mr. Dayzie has continued his education, engaged meaningfully in treatment, and has maintained employment. *See Attachment A*. Thus, he has taken significant steps towards rehabilitation. These are significant factors the Court should consider in determining an appropriate and reasonable sentence.

---

[1] In the original Memorandum, defense counsel mistakenly requested a sentence of twenty-four (24) months. Pursuant to the Plea Agreement, Mr. Dayzie withdraws that pleading and requests a sentence of no less than thirty-seven (37) months.

11. Mr. Dayzie's request for a sentence of thirty-seven (37) months in no way is meant to undercut the great loss to the family and to society of John Doe. Mr. Dayzie still feels significant guilt in causing John Doe's death. It has also put a strain on his marriage. However, Mr. Dayzie has accepted his responsibility and is doing his best to make amends for it. Also importantly, he is taking his treatment and education seriously. He understands the great disrespect any relapse would have to the memory of his friend John Doe.

12. Mr. Dayzie understands in weighing the scales of justice, nothing can make up for the loss of John Doe. Mr. Dayzie can only take his recovery seriously and try to improve himself to become a more productive member of society.

13. Mr. Dayzie has the following technical corrections to the Presentence Report: In Paragraph 54, his brother is named Dustin Begay, not Dustin Dayzie. His mother works for the Red Mesa School System not the Rock Point School System - - she lives in Rock Point but does not work there.

WHERFORE, based on the foregoing, Mr. Dayzie would request a sentence of thirty-seven (37) months with a recommendation that he enter the RDAP Program.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas, NW, Suite 501
Albuquerque, New Mexico  87102
(505) 346-2489

　　　/s  [Electronically filed]
JOHN V. BUTCHER
Assistant Federal Public Defender
john_butcher@fd.org